UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AR'TRAYVIS STANBERRY,

        Plaintiff,

v.                                        Case No. 2:21-cv-826-JES-NPM

AMIRA D. FOX, KATHLEEN A.
SMITH, and TWENTIETH
JUDICIAL CIRCUIT COURT, LEE
COUNTY, FL

        Defendants.

## ORDER OF DISMISSAL

Plaintiff initiated this action on November 8, 2021 by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). In a standing order (Doc. 2), which was sent to Plaintiff on November 12, 2021, the Court explained that Plaintiff cannot proceed in this civil action unless and until he pays the $402 civil filing fee or files a motion to proceed in forma pauperis.

To date, Plaintiff has neither paid the fee nor sought leave to file as a pauper. Nevertheless, because Plaintiff is a prisoner, the Court must review his complaint and dismiss any portion that: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b).

After careful review, the Court concludes that it must dismiss this case without prejudice because Plaintiff lacks standing to bring this action.

## I. Complaint

Plaintiff asserts that on April 1, 2021, a data security breach occurred at the Twentieth Judicial Circuit's Public Defenders Office and as a result, his personal information may have been compromised. (Doc. 1 at 5). He seeks $ 100,000,000 in damages and a new identity. (Id. at 6). On November 18, 2021, Plaintiff filed a motion asking the Court to ensure that he is housed in a federal prison instead of a state facility because he is afraid that the state could use some of the breached data against him. (Doc. 4).

## II. Discussion

Plaintiff does not have standing to bring a civil rights suit based upon the increased risk of identity theft caused by the data breach. Standing is a threshold jurisdictional question that the Court must address before considering the merits of a party's claims. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing standing. See Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1177 (11th Cir. 2009). To make this showing, Plaintiff must allege: (1) a concrete, particularized, and actual or imminent injury in fact; (2) a causal

connection between the injury and the defendants' conduct; and (3) redressability. Id.

At the pleading stage, general factual allegations may suffice to establish standing. Id. Even so, Plaintiff does not make the required showing in this case. Plaintiff does not allege that his own private information was actually compromised by the data breach. Rather, he asserts that he is at an increased risk of identity theft from the alleged breach. The Supreme Court requires that standing be predicated on something more than a theoretical risk of harm. Rather, "threatened injury must be certainly impending to constitute injury in fact." Clapper v. Amnesty Intern. USA, 568 U.S. 398, 409 (2013) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (internal quotation marks omitted)).

In the context of a potential identity theft caused by a data breach, the Eleventh Circuit has recently held that "[e]vidence of a mere data breach does not, standing alone, satisfy the requirements of Article III standing." Tsao v. Captiva MVP Restaurant Partners, LLC, 986 F.3d 1332, 1344 (11th Cir. 2021); see also Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 933 (11th Cir. 2020) (finding that a conclusory allegation of "elevated risk of identity theft" was "simply not enough" to "plausibly allege a material risk, or substantial risk, or anything

3

approaching a realistic danger" and show a sufficient injury to establish standing).

Plaintiff has alleged nothing more than a conclusory or potential injury in fact. Thus, he does not have standing to bring this action, and the Court lacks jurisdiction over it. Likewise, the Court will not order Plaintiff housed in a different detention facility. It is well settled that federal courts will interfere with the internal operation of state prisons only in exceptional circumstances, none of which have been shown here. See Bell v. Wolfish, 441 U.S. 520, 562 (1979) ("[T]he inquiry of federal courts into prison management must be limited to the issue of whether a particular system violates any prohibition of the Constitution or, in the case of a federal prison, a statute. The wide range of 'judgment calls' that meet constitutional and statutory requirements are confided to officials outside of the Judicial Branch of Government.")

### III. Conclusion

Plaintiff lacks standing to raise the claims set forth in this complaint.[1] Because the issue of standing cannot be remedied

---

[1] The lack of standing requires dismissal of this action. Therefore, the Court will not address whether the complaint otherwise plausibly alleges a violation of the United States Constitution or federal law or whether the named defendants are immune from this suit. See Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984) (holding that "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief").

4

by filing an amended complaint, Plaintiff's civil rights action is dismissed without leave to amend. See <u>Silberman v. Miami Dade Transit</u>, 927 F.3f 1123, 1133 (11th Cir. 2019) (recognizing that a pro se plaintiff need not be provided an opportunity to amend his complaint if amendment would be futile).

Accordingly, it is now **ORDERED**:

1. Plaintiff's 42 U.S.C. § 1983 complaint is **DISMISSED without prejudice** for lack of standing.

2. Plaintiff's Motion to Change Venue (Doc. 4) is **DENIED**.

3. The **Clerk** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on December 20, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties

5